## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

INTERNATIONAL PAINTERS AND
ALLIED TRADES INDUSTRY PENSION
FUND, *et al.*,

              *Plaintiffs,*

    v.

ARANI CONSULTING GROUP, INC., *et al.*,

        *Defendants.*

Civil No. 1:23-cv-02449-JRR

## MEMORANDUM OPINION

This matter comes before the court on Defendants Lidia Arani and Shawn Arani's Motion to Dismiss.  (ECF Nos. 8, 8-1; together, the "Motion.")  The court has reviewed all papers.  No hearing is necessary.  Local Rule 105.6 (D. Md. 2023).  For the reasons that follow, by accompanying order, the Motion will be granted.

## I.    BACKGROUND[1]

Plaintiffs International Painters and Allied Trades Pension Plan ("Pension Plan"), International Painters and Allied Trades Industry Annuity Plan ("Annuity Plan"), Finishing Trade Institute ("FTI") (collectively, the "ERISA Plaintiffs"), and Terry Nelson bring this action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), and Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA").  (ECF No. 1.)

---

[1] For purposes of this memorandum, the court accepts as true the well-pled facts set forth in the Complaint.  (ECF No. 1.)

The Pension Plan and the Annuity Plan are "multiemployer benefit funds" and "employee benefit plans" as defined by ERISA.  (ECF No. 1 ¶ 1.)  FTI is also an "employee benefit plan" as defined by ERISA.  *Id.*  Plaintiff Terry Nelson is a fiduciary of the Pension Fund and the Annuity Fund within the meaning of ERISA, 29 U.S.C. § 1002(21), and is authorized to collect contributions and other amounts owed.  *Id.* ¶ 4.  Defendant Arani Consulting Group, Inc. ("Arani Consutling"), is an employer as defined by ERISA.  (ECF No. 1 ¶ 5.)  Defendants Lidia Arani and Shawn Arani (jointly, the "Individual Defendants") are "president/vice-president/officers" of Arani Consulting.  *Id.* ¶ 32.

Plaintiffs allege that Arani Consulting was a party to, or agreed to abide by the terms and conditions of, a collective bargaining agreement and/or other labor agreement(s) with a local union or district council affiliated with the International Union of Painters and Allied Trades.  (ECF No. 1 ¶ 11.)  Under the terms of the collective bargaining agreement and governing documents, Arani Consulting is required to "regularly pay to the ERISA Plaintiffs, the Bargained Entities, and the Union, certain sums of money, the amounts of which are determined by the hours worked by [Arani Consulting's] employees."  *Id.* ¶ 12.  The collective bargaining agreement further requires Arani Consulting to "maintain time records or timecards and submit any and all relevant records to Plaintiffs for examination to determine whether [Arani Consulting] is making full and prompt payment of all sums required to be paid by [Arani Consulting] to Plaintiffs."  *Id.* ¶ 13.  Plaintiffs allege that Arani Consulting failed to report and pay contributions for hours worked by its employees, and failed to comply with an audit of its records.  (ECF No. 1 ¶¶ 15–16.)

On September 7, 2023, Plaintiffs filed the instant action.  (ECF No. 1.)  The Complaint sets forth two claims against Arani Consulting for unpaid contributions and for failure to comply with

audit requirements in violation of Section 515 of ERISA, 29 U.S.C. § 1145,[2] and LMRA § 301(a) (Counts I and II).[3]   The Complaint also sets forth one claim against the Individual Defendants for breach of fiduciary duties under Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A) (Count III).

On December 7, 2023, the Individual Defendants filed the Motion.   The Individual Defendants move to dismiss the Complaint on the basis that it fails to state a claim for which relief can be granted; specifically, the Individual Defendants assert the Complaint lacks sufficient factual allegations that the Individual Defendants acted as ERISA fiduciaries and breached their respective fiduciary duties.   (ECF No. 8-1 at 1–2.)

## II.   LEGAL STANDARD

### Federal Rule of Civil Procedure 12(b)(6)

A motion asserted under Rule 12(b)(6) "test[s] the legal sufficiency of a complaint."   It does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."   *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).   Accordingly, a "Rule 12(b)(6) motion

---

[2] Section 515 of ERISA states:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

[3] Section 301(a) of the LMRA states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244 (citing *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).  The court, however, is ". . . not required to accept as true the legal conclusions set forth in a plaintiff's complaint."  *Id.* at 244 (citing *District 26, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085 (4th Cir. 1979)).

## III.  <u>ANALYSIS</u>

"ERISA specifies several duties, derived from the common law of trusts, that are imposed on a fiduciary for an employee benefit plan."  *Dawson-Murdock v. Nat'l Counseling Grp., Inc.*, 931 F.3d 269, 275 (4th Cir. 2019) (citations omitted).  "To allege a breach of any such fiduciary duty, a plan participant or beneficiary must first establish 'that the party charged with the breach' is, in fact, a fiduciary."  *Id.* (quoting *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 60 (4th Cir. 1992)).

Under ERISA, a fiduciary is defined as follows:

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

"[A] person or entity may become a plan fiduciary through two means."  *In re Mut. Fund Inv. Litig.*, 403 F. Supp. 2d 434, 445 (D. Md. 2005).  "The first way is by being expressly identified

in the plan documents, either by name or according to a procedure specified in the plan, as having the authority to control and manage the operation and administration of the plan." *Id.* (citing 29 U.S.C. § 1102(a)(2)). "Second, an entity can become an ERISA fiduciary by performing specified discretionary functions with respect to the plan's management, assets, or administration of a plan in a *de facto* capacity." *Id.* The parties agree that the Individual Defendants are not expressly named in the plan documents. (ECF No. 13 at 8 n.2.) Thus, the court's analysis focuses only on *de facto* fiduciary status.

On this issue, the court finds *Int'l Painters & Allied Trades Indus. Pension Fund v. Apostolos Grp., Inc.*, instructive. No. CV GLR-23-440, 2024 WL 916304 (D. Md. Mar. 4, 2024). In *Apostolos*, as in this case, the individual defendants were corporate officers of the defendant company that failed to pay monthly contributions and misreported covered work. *Id.* at *1. The plaintiffs filed suit and asserted claims for unpaid contributions against the defendant company and breach of fiduciary duties against the individual defendants. *Id.* The individual defendants moved to dismiss the complaint, arguing that the plaintiffs failed to sufficiently allege that the individual defendants acted as ERISA fiduciaries to the defendant company. *Id.* at *2.

In analyzing the breach of fiduciary duties claim asserted against the individual defendants, the *Apostolos* court explained:

> Corporate officers "do not become fiduciaries solely by virtue of their corporate position, even if the corporation is a fiduciary, 'unless it can be shown that they have individual discretionary roles as to plan administration.'" *In re Mut. Fund Inv. Litig.*, 403 F. Supp. 2d at 447 (quoting *Confer v. Custom Eng'g Co.*, 952 F.2d 34, 37 (3d Cir. 1991)); *see Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 233 (3d Cir. 1994) (stating that discretion is the "linchpin of fiduciary status under ERISA"). Additionally, a corporate officer who performs only "ministerial duties on behalf of the plan" is not a fiduciary. *In re Mut. Fund Inv. Litig.*, 403 F. Supp. 2d at 447–48. "[B]ald allegations that an officer had discretionary authority or control over the plan assets are insufficient, 'without a proffer of

some factual basis for concluding that a given entity possessed such discretionary authority.'" *Int'l Painters & Allied Trades Indus. Pension Fund v. Clayton B. Obersheimer, Inc.*, No. ELH-12-1000, 2013 WL 594691, at *7 (D. Md. Feb. 13, 2013) (quoting *In re Mut. Fund Inv. Litig.*, 403 F. Supp. 2d at 447).

Plaintiffs do not allege that the Individual Defendants rendered investment advice or were responsible for administering the plan itself, so the only applicable definition of fiduciary is one who exercises discretion in "management or disposition" of a plan or its assets. 29 U.S.C. § 1002(21)(A)(i). "[T]he 'management or disposition' language found in ERISA's definition of a fiduciary 'refers to the common transactions in dealing with a pool of assets: selecting investments, exchanging one instrument or asset for another, and so on.'" *Clayton B. Obersheimer*, 2013 WL 594691, at *7 (quoting *In re Luna*, 406 F.3d 1192, 1204 (10th Cir. 2005) (cleaned up)). "[T]he mere discretion whether to pay debts owed to an employee benefit plan . . . does not suffice to confer fiduciary status under ERISA." *Clayton B. Obersheimer*, 2013 WL 594691, at *7 (quoting *In re Luna*, 406 F.3d at 1206).

…

Plaintiffs' allegations are not sufficient to show that the Individual Defendants exercised discretionary authority in managing or disposing of plan assets. Plaintiffs' allegations that the Individual Defendants "are and were responsible for overseeing the reporting and payment of all contributions to the Funds for work covered under the Bargaining Agreement," and "authorized or acquiesced to the use or disposition of these plan assets," (Compl. ¶¶ 24–26), are threadbare recitals of the statute similar to the allegations that this Court dismissed in *Clayton B. Obersheimer*. As in *Clayton B. Obersheimer*, "[t]he plaintiffs do not explain how the officers had authority or control regarding the plan assets." 2013 WL 594691, at *9; *see also Custer*, 89 F.3d at 1162 (4th Cir. 1996) ("to determine whether Custer has sufficiently alleged Sweeney's status as an ERISA fiduciary, we must discern from Custer's amended complaint the functions that Sweeney allegedly performed.").

…

Plaintiffs' allegation that the Individual Defendants "caused contributions to the ERISA Funds to be withheld and unpaid" also does not support their fiduciary status. (Compl. ¶ 25). Courts have consistently held that non-payment of contributions to a benefit fund does not confer fiduciary status. *See Clayton B. Obersheimer*, 2013

WL 594691, at *7; *In re Luna*, 406 F.3d at 1208; *Sheet Metal Loc. 98 Pension Fund v. AirTab, Inc.*, 482 F.App'x 67, 69 (6th Cir. 2012) (defendants' "refusal to pay the funds as required under the [collective bargaining agreement] does not rise to the level of exercising discretionary control or authority such that fiduciary status attaches."); *Chi. Dist. Council of Carpenters Pension Fund v. Angulo*, 150 F. Supp. 2d 976, 978–79 (N.D. Ill. 2001) ("This Court cannot credit the notion that every delinquent employer's nonpayment of a contribution equates to its exercising its control over the 'disposition' of a plan's assets, so as to impose fiduciary liability by reason of the nonpayment.").

2024 WL 916304, at *2–4.

The *Apostolos* court noted further that "Courts, including this Court, considering analogous factual situations concluded that owners and officers of an employer that had failed to timely make contributions to employee benefit funds as outlined in collective bargaining agreements were not ERISA fiduciaries." 2024 WL 916304, at *3. Accordingly, the court dismissed the claims against the individual defendants without prejudice. *Id.* at *4.

Here, like *Apostolos*, Plaintiffs allege that the Individual Defendants, in their positions as president and vice president of Arani Consulting, "caused contributions to be withheld and unpaid and violated their duty of loyalty to the beneficiaries of the Funds." (ECF No. 1 ¶ 32.) Plaintiffs allege further:

> Upon information and belief, Individual Defendants authorized or acquiesced to the use or diversion of these plan assets by Defendant for other purposes.
>
> Because contributions once owed and due become assets of the ERISA Funds, and Individual Defendants personally exercised authority or control with respect to the withholding, management or disposition of these assets, Individual Defendants constitute fiduciaries under Sections 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and under Section 409 of ERISA, 29 U.S.C. § 1109, and are therefore personally liable for injury and losses suffered by Plaintiffs and subject to appropriate equitable relief.

7

> Further, because ERISA Fund assets, in the form of due and owing contributions, were either diverted for other purposes or simply not paid as a result of Individual Defendants' personal, discretionary control and management of such, Individual Defendants failed to act solely in the interest of the participants and beneficiaries of the ERISA Funds in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A).

(ECF No. 1 ¶¶ 32–35.)

Construed in the light most favorable to Plaintiffs, Plaintiffs' relevant allegations in the Complaint are conclusory – merely reciting the words of the statute. [4]  Plaintiffs' allegations are nearly identical to the allegations in *Apostolos* and fail to describe "how the officers had authority or control regarding the plan assets."  *Int'l Painters & Allied Trades Indus. Pension Fund v. Clayton B. Obersheimer, Inc.*, No. CIV.A. ELH-12-1000, 2013 WL 594691, at *9 (D. Md. Feb. 13, 2013) ("The plaintiffs do not explain how the officers had authority or control regarding the plan assets.  Instead, this averment simply recites ERISA's statutory language without specifically demonstrating how the officers exercised discretionary authority or control over the plan assets.").

## IV.   CONCLUSION

For the reasons set forth herein, by separate order, the Motion to Dismiss (ECF No. 8) will be granted and the Complaint will be dismissed without prejudice as to the Individual Defendants. [5]

August 12, 2024

/S/_____
Julie R. Rubin
United States District Judge

---

[4] Plaintiff directs the court's attention to *Hornady Transp. LLC v. McLeod Health Servs.*, 773 F. Supp. 2d 622 (D.S.C. 2011), and *Dawson-Murdock v. Nat'l Counseling Grp.*, 931 F.3d 269 (4th Cir. 2019).   Apart from the considerable factual differences between this action and those in *Hornady*, in *Horandy,* the plaintiffs expressly alleged that the defendant was a fiduciary to the plan under ERISA.  773 F. Supp. 2d 622, 632 n.12 (D.S.C. 2011).  The same is true in *Dawson-Murdock*.  There, the plaintiff alleged that the defendant was the plan administrator and named fiduciary. 931 F.3d at 277.  In addition, the *Dawson-Murdock* plaintiff alleged that the defendant failed to provide information about continuing eligibility under the plan and advised the plaintiff not to appeal the denial of her benefits claim.  *Id.* at 277–80.  Here, Plaintiffs concede that the Individuals Defendants are not expressly named in the plan documents and fail to allege how the Individual Defendants exercised discretionary authority or control over plan assets.  *See* Section III, *supra.*

[5] The Individual Defendants seek dismissal with prejudice.  (ECF No. 8-1 at 8.)  The court declines to dismiss any counts with prejudice at this time.  *See Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018) (stating that "the nature of dismissal" is left to "the sound discretion of the district court").